## CIRCUIT COURT OF BALTIMORE CITY

Filed June 27, 1892.

JAMES MURPHY ET AL.

VS.

THE MECHANICS BOND AND SAVINGS ASSN. ETC.

*Samuel Snowden* for plaintiffs.

*N. R. Gitl & Son and Niles & Wolff* for defendant.

DENNIS, J.—

The manner of doing business under the new charter is substantially what it was under the old, the only change being in the name—the word "Insurance" being substituted in place of the word "Bond." And not only the method of doing business, but the by-laws, prospectus, &c., and the contracts of membership, remain the same and it can make no difference that these contracts are now called insurance policies or certificates, whereas formerly they were called bonds, when in substance and fact they are precisely alike. The new charter was therefore, in effect, nothing more than an amendment of the old, made for the sole purpose of avoiding the objection of the Insurance Commissioner, to giving his approval to the operations of a company which was called a "bond" company. When, therefore, the assets of the old company were transferred to the new one, in a regular and formal manner by the vote of its directors and the ratification of its

members, it is difficult to see in what particular any one was injured. Moreover the change was authorized by the members and afterwards ratified by them, after full and sufficient notice—in fact, all that was feasible to be given in view of the large membership of the order; and after this long lapse of time—the change having been made in February, 1891, the plaintiffs must be presumed to have acquiesced in it. Not one of them has denied the knowledge of the change, nor is it shown that any one of them ever made complaint against it; under these circumstances, silence for so long a time must be considered as acquiescence, especially is this so, when the rights of so many others would be effected by the relief asked for, and when it would be impossible to put the parties *in statu quo*. A decree will be signed dismissing the bill with costs.